# EXHIBIT B

1  Laura R. Petroff (SBN: 123215)
   lpetroff@winston.com
2  Tristan R. Kirk (SBN: 313262)
   tkirk@winston.com
3  Zarouhi Papazyan (SBN: 328645)
   zpapazyan@winston.com
4  WINSTON & STRAWN LLP
   333 S. Grand Avenue, 38th Floor
5  Los Angeles, CA 90071-1543
   Telephone:   (213) 615-1700
6  Facsimile:   (213) 615-1750

7  Attorneys for Defendants
   ZODIAC POOL SYSTEMS LLC AND
8  FLUIDRA USA LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| OMAR AYALA, individually and on behalf of all others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>ZODIAC POOL SYSTEMS LLC, a Delaware Limited Liability Company; FLUIDRA USA LLC, a Florida Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 37-2020-00017229-CU-OE-CTL<br><br>[Assigned for all purposes to Hon. Katherine Bacal, Dept. C-69]<br><br>**DEFENDANTS ZODIAC POOL SYSTEMS LLC AND FLUIDRA USA LLC'S ANSWER TO PLAINTIFF OMAR AYALA'S COMPLAINT**<br><br>Complaint Filed: May 27, 2020 |

Defendants Zodiac Pool Systems LLC ("Zodiac") and Fluidra USA LLC ("Fluidra") (collectively "Defendants"), for themselves and no other individuals or entities, hereby respond to the Complaint of Plaintiff Omar Ayala ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally and specifically deny each and every allegation contained in the Complaint. Defendants further deny that Plaintiff is entitled to any relief, and deny that Plaintiff was damaged in the nature alleged, or in any other manner, or at all. Further, Defendants deny that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Defendants, or any agent, employee, or any other person acting under Defendants' authority or control.

## AFFIRMATIVE DEFENSES

As separate and additional defenses to each of Plaintiff's purported causes of action, and without conceding that they bear the burden of proof or persuasion as to any of the issues raised in these defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts Sufficient to State a Cause of Action)**

Each and every claim alleged by Plaintiff fails to state facts sufficient to constitute any cause of action against Defendants, and/or fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure Section 338, 340, 343, California Business and Professions Code Section 17208, and all other applicable limitations, statutes, and requirements.

## THIRD AFFIRMATIVE DEFENSE

**(Contribution by Plaintiff's Own Acts)**

If the injuries and/or damages alleged by Plaintiff occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff or the putative and/or representative class

members' own acts and/or failure to act.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Unfair Business Practices)**

Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code section 17200 *et seq.* because their business practices were not unfair, deceptive, or likely to mislead anyone.

**FIFTH AFFIRMATIVE DEFENSE**

**(Any Alleged Harm To Plaintiff Outweighed)**

Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because the benefits of Defendants' practices to Plaintiff and to members of putative and/or representative class members outweigh whatever particular harm or impact the practices allegedly caused them.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Underlying Liability)**

Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Sections 17200 *et seq.* because they are not liable to Plaintiff or putative and/or representative class members for any alleged violation of any underlying state laws.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

The relief requested by Plaintiff pursuant to California Business and Professions Code Section 17200 *et seq.* should be denied because Plaintiff has an adequate remedy at law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith Reliance on Law)**

Plaintiff's claims are barred, in whole or in part, because all of Defendants' acts or omissions complained of by Plaintiff were in good faith and in conformity with, and in reliance on, an administrative regulation, order, ruling, approval, and interpretation of applicable law.

///

///

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

Plaintiff's claims are barred, in whole or in part, because a good faith dispute exists as to whether Plaintiff or any putative and/or representative class member are owed any wages.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy all the administrative, procedural, notice, and jurisdictional prerequisites necessary to maintain a purported cause of action under the California Labor Code, California Business and Professions Code, or any other applicable statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exempt Employees)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff and/or any putative class and/or representative group members are exempt employees, or were exempt employees for any period of time during the relevant time period.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiff's claims and those of some putative and/or representative class members may be barred, in whole or in part, by accord and satisfaction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Release)**

To the extent that Plaintiff or any putative and/or representative class members executed an agreement releasing claims against Defendants and/or received monetary compensation in exchange for releasing such claims, such claims against Defendants are barred, in whole or in part.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

Each of Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, consent, and/or unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Alleged Conduct Is Not Unlawful)**

Plaintiff's claims are barred, in whole or in part, because Defendant is not liable to Plaintiff and/or putative class and/or representative group members for any alleged violation in Plaintiff's Complaint because the conduct alleged in Plaintiff's Complaint is not unlawful.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Performance of Duties and Obligations)**

Defendants are informed and believe and thereon allege that they have performed and fully discharged any and all obligations and legal duties to Plaintiff and the putative and/or representative class members pertinent to the matters alleged in Plaintiff's Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, including, but not limited to, the doctrines of issue preclusion and claim preclusion.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State Facts Warranting Class Certification)**

Plaintiff cannot maintain class claims because Plaintiff failed to allege facts sufficient to warrant class certification.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Standing/No Entitlement to Class and/or Representative Relief)**

Plaintiff cannot maintain class action claims because Plaintiff lacks standing to assert claims for relief on behalf of any purported class and/or representative group, Plaintiff is not an adequate class representative, and Plaintiff cannot assert claims on behalf of the purported class and/or representative group due to his conflicts with the class he purports to represent.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Predominance of Individual Issues)**

Plaintiff cannot maintain class claims because individual claims and defenses predominate

over common questions of law and fact.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Insufficiently Ascertainable or Numerous Putative Class)**

Plaintiff cannot maintain class claims because the putative class members are insufficiently certain or numerous for this action to be appropriately certified as a class action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unmanageable Representative PAGA Action)**

Plaintiff's claim that he should represent all alleged aggrieved employees under the Private Attorneys General Act of 2004 ("PAGA") is barred because a multitude of individualized assessments would be necessary, making the representative PAGA claim unmanageable.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Standing to Assert PAGA Claim)**

Plaintiff cannot maintain representative group claims because Plaintiff lacks standing to assert claims for relief on behalf of any purported representative group under PAGA, including, but not limited to, because he is not an aggrieved employee.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Due Process/Excessive Fines)**

The relief requested by Plaintiff (including the civil penalties sought pursuant to California Labor Code Sections 2698 *et seq.*) violates Defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Moreover, to the extent the claims of Plaintiff and the representative group he purports to represent seek to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code Sections 2698 *et seq.*, an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

///

///

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

Plaintiff's claims or damages, or both, are barred, in whole or in part, because Plaintiff and members of the purported class and/or representative group unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm. *State Dept. of Health Servs. v. Superior Court Sacramento County,* 31 Cal. 4th 1026 (2000).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Not Plaintiff's Employer)**

Plaintiff's claims or damages as against Fluidra, or both, are barred, in whole or in part, because Fluidra is not, and has never been, Plaintiff's employer or the employer of any putative class and/or representative group members during the relevant time period. Further, Plaintiff's claims or damages as against Zodiac, or both, are barred, in whole or in part, to the extent that Zodiac was not Plaintiff's employer at any point in time during the relevant time period.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Not Knowing, Willful, or Intentional)**

Each of Plaintiff's claims are barred, in whole or in part, because Defendants' conduct as alleged was not knowing, willful, or intentional.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Willful Violation of Labor Code Section 203)**

Plaintiff and putative representative and/or class members are not entitled to any penalty award under Labor Code Section 203 because, at all times relevant and material herein, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather, acted in good faith and had reasonable grounds for believing it did not violate the compensation provisions of the California Labor Code and/or there is/was a good faith dispute as to whether wages are/were due.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Section 203 Claims Barred After Filing of Complaint)**

Plaintiff's claims under California Labor Code Section 203 are barred to the extent that they

seek damages or penalties for any time period following the filing of Plaintiff's Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Entitlement to Statutory Penalties)

To the extent Plaintiff seeks statutory penalties for alleged acts or omissions, Defendants' acts or omissions, if any, were made in good faith and Defendants had reasonable grounds for believing that the act or omission, if any, was not a violation of applicable law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Pre-Judgment Interest)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of pre-judgment interest.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to allege facts sufficient to establish a claim for attorneys' fees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Meal and Rest Breaks Provided)

Defendants provided meal and rest breaks consistent with the California Labor Code and the applicable Industrial Welfare Commission Wage Orders at all relevant times.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver of Meal and Rest Periods)

Plaintiff's claims for meal and/or rest period premiums are barred, in whole or in part, to the extent that Plaintiff and/or members of the putative and/or representative class voluntarily waived any purported entitlement to meal and/or periods without coercion or encouragement.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

Plaintiff's Complaint, and each purported cause of action therein, is barred because the time for which he seeks compensation on behalf of himself and putative and/or representative class members, or upon which the legal theories alleged are factually premised, is *de minimis*.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(*In Pari Delicto*)

The Complaint, and each purported claim alleged therein, is barred by the doctrine of *in pari delicto*.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Other Affirmative Defenses)

Defendants currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants expressly reserve their right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## PRAYER

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety, with prejudice, and judgment be entered in favor of Defendants on all claims;
3. That Defendants be awarded their attorneys' fees and costs of suit; and
4. For such other and further relief as this Court may deem proper.

Dated: July 16, 2020

WINSTON & STRAWN LLP

By: _____
Laura R. Petroff
Tristan R. Kirk
Zarouhi Papazyan
Attorneys for Defendants
ZODIAC POOL SYSTEMS LLC and FLUIDRA USA LLC

**PROOF OF SERVICE**
Superior Court of California, County of San Diego
*Omar Ayala v. Zodiac Pool Systems LLC, et al.*
Case No. 37-2020-00017229-CU-OE-CTL

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On July 16, 2020, I served the following document(s):

**DEFENDANTS ZODIAC POOL SYSTEMS LLC AND FLUIDRA USA LLC'S ANSWER TO PLAINTIFF OMAR AYALA'S COMPLAINT**

☒ **ECF / ESP:** by electronically transmitting copy(ies) of the above-listed document(s) to the recipient(s) set forth below via a court-approved Electronic Service Provider (ESP), which electronically transmits the document(s) and/or sends electronic notice of service with hyperlink(s) to the document(s) via the electronic mail system, in accordance with ☒ California Rules of Court, Appendix I Emergency Rules Related to Covid-19, specifically, Emergency Rule 12 requiring electronic service. Or ☒ the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251 or court order.

| | |
|---|---|
| Michael D. Singer, Esq.<br>Marta Manus, Esq.<br>**COHELAN KHOURY & SINGER**<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>T: (619) 595-3001<br>F: (619) 595-3000<br>Email: msinger@ckslaw.com<br>Email: mmanus@ckslaw.com | Attorneys for Plaintiff Omar Ayala and all others similarly situated |
| Sahag Majarian, Esq.<br>**LAW OFFICES OF SAHAG MAJARIAN II**<br>18250 Ventura Blvd.<br>Tarzana, CA 91356<br>T: (818) 609-0807<br>F: (818) 609-0892<br>Email: sahagii@aol.com | Attorneys for Plaintiff Omar Ayala and all others similarly situated |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: *P. Waters*
Patricia Waters

Dated: July 16, 2020